**ROBERT G. LOCKTON, Plaintiff**

v.

**BETTY G. LOCKTON, Defendant**

## Civil No. 86-1957
## District Court of the Virgin Islands

Div. of St. Thomas and St. John

## December 30, 1957

*See, also, 157 F. Supp. 181*

JAMES A. BOUGH, ESQ., Charlotte Amalie, Virgin Islands, *for plaintiff*

WILLIAM H. D. COX, ESQ., of COX & BORNN, Charlotte Amalie, Virgin Islands, *for defendant*

LEON P. MILLER, ESQ., United States Attorney, Charlotte Amalie, Virgin Islands, *amicus curiae*

MARIS, *Circuit Judge*

It appears that the parties to this divorce suit entered into an agreement of property settlement, dated June 26, 1957. The agreement was incorporated in the decree of divorce which this Court entered on July 1, 1957. Briefly stated, the defendant was to receive from the plaintiff for the release to him of her interest in the property the sum of $45,000, of which $20,000 was to be payable in cash on or before July 8, 1957, $15,000 was to be in the form of a note payable on or before July 8, 1958, with interest, and the remaining $10,000 was to be in the form of a note payable on or before July 8, 1959, with interest.

The plaintiff executed two promissory notes, as agreed payable to the defendant or her order, with interest. The notes as tendered to the defendant did not bear revenue stamps and the Court, on the petition of the defendant, entered an order on the plaintiff to show cause why he should not affix to the two promissory notes in question

the revenue stamps required by the Virgin Islands law. The plaintiff in answer asserts that the law does not require revenue stamps to be affixed to ordinary promissory notes such as these. Thus is framed the question which is presented to me for decision. At my request, the United States Attorney appeared amicus curiae and discussed this question from the standpoint of the Government of the Virgin Islands.

, The Virgin Islands stamp tax was imposed by Danish ordinances passed in the two former municipalities in 1907. These were repealed by the Act of May 24, 1955, No. 56, but were reinstated by the Act of January 27, 1956, No. 62, and continued by the Act of June 19, 1956, No. 103. Their provisions, slightly modified, now appear as chapter 7 (§ 121 et seq.) of Title 33 of the Virgin Islands Code. These provisions are archaic and ambiguous in the extreme and present many difficult problems of interpretation and construction. Here we are concerned with only one of these problems: whether an ordinary promissory note given by an individual is subject to the stamp tax. The question raised in argument as to whether the property settlement agreement between the parties is itself subject to the stamp tax is not before me and I do not pass upon it.

■ ■ The stamp tax is not by law in terms imposed upon promissory notes. But liability is asserted under section 261 of Title 33, which imposes the tax upon bonds or section 262 of that title which imposes it upon bills of exchange. The latter may be quickly eliminated from consideration. For reference to the Uniform Negotiable Instruments Act, in force in this territory, (11 V.I.C. sec. 1 et seq.) reveals that the law has long defined bills of exchange and promissory notes as quite different types of negotiable instruments. Thus section 211 of Title 11 defines a bill of exchange as "an unconditional order in

writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand or at a fixed or determinable future time a sum certain in money to order or to bearer." A promissory note, on the other hand, is defined by section 351 of Title 11 to be "an unconditional promise in writing made by one person to another signed by the maker engaging to pay on demand, or at a fixed or determinable future time a sum certain in money to order or to bearer." Thus it will be seen that a bill of exchange when drawn contains no binding promise to pay or acknowledgment of a debt, whereas such a promise or acknowledgment is of the essence of a promissory note.

Section 261 of Title 33, V.I.C., provides that "Bonds, including — (1) documents which do not appear as to their form like ordinary bonds, but which contain an acknowledgment of a debt . . . shall be stamped in respect of their nominal value at the 3rd class rate if no interest is stipulated or no surety is given, or at the 2nd class rate, if interest is stipulated or the debt is secured by surety or mortgage." Section 121 of Title 33 states that "All documents mentioned in this chapter, or which, according to their contents and judicial significance, must be classed entirely with the documents mentioned in this chapter are, if not expressly exempted by this chapter, subject to a stamp tax according to their contents and value."

██ A bond is an obligation in writing binding the obligor to pay a sum of money to the obligee. 11 C.J.S. Bonds § 1. This obligation to pay, as we have seen, is also of the essence of a promissory note. Therefore, I am compelled to conclude that promissory notes are documents which, although not in form like ordinary bonds, do contain an acknowledgment of a debt similar to that contained in bonds and which must, therefore, be classed

with bonds "according to their contents and judicial significance." It follows that the promissory notes here involved are subject to the stamp tax under section 261 of Title 33. Moreover, since they bear interest they are taxable at the 2nd class rate or 1/2 of 1% of the nominal value of the notes.

An order will be entered directing the plaintiff to affix revenue stamps in the proper amounts to the notes in question.